UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:  CASE NO. 3:19-bk-03200-JAF
CHAPTER 13

Marrin Deon Goodson,

                           Debtor(s)
_____/

## CHAPTER 13 PLAN

A.    **NOTICES.**

Debtor[1] must check one box on each line to state whether or not the Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| | | |
|---|---|---|
| A limit on the amount of a secured claim based on a valuation which may result in a partial payment or no payment at all to the secured creditor. See Sections C.5(d) and (e). A separate motion will be filed. | Included | Not Included X |
| Avoidance of a judicial lien or non-possessory, non-purchase money security interest under 11 U.S.C. § 522(f). A separate motion will be filed. See Section C.5(e). | Included | Not Included X |
| Nonstandard provisions, set out in Section E. | Included X | Not Included |

**NOTICE TO DEBTOR: IF YOU ELECT TO MAKE DIRECT PAYMENTS TO A SECURED CREDITOR UNDER SECTION 5(i) OF THIS PLAN, TO SURRENDER THE SECURED CREDITOR'S COLLATERAL UNDER SECTION 5(j), OR TO NOT MAKE PAYMENTS TO THE SECURED CREDITOR UNDER SECTION 5(k), THE AUTOMATIC STAY DOES NOT APPLY AND THE CREDITOR MAY TAKE ACTION TO FORECLOSE OR REPOSSESS THE COLLATERAL.**

**SECURED CREDITORS INCLUDE THE HOLDERS OF MORTGAGE LOANS, CAR LOANS, AND OTHER LOANS FOR WHICH THE SECURED CREDITOR HAS A SECURITY INTEREST IN PERSONAL OR REAL PROPERTY COLLATERAL.**

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

B. **MONTHLY PLAN PAYMENTS.** Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of **60** months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payments under the Plan and may cause an increased distribution to the unsecured class of creditors.

$170.38      from month 1 (September 2019) through 60 (August 2024).

C. **PROPOSED DISTRIBUTIONS.**

   1. **ADMINISTRATIVE ATTORNEY'S FEES.**

**Base Fee $3,500.00    Total Paid Prepetition $1,500.00    Balance Due $2,000.00**

**MMM Fee $0.00    Total Paid Prepetition $0.00    Balance Due $0.00**

**Estimated Monitoring Fee at $0.00 per Month.**

**Attorney's Fees Payable Through Plan at $150.00 monthly (1-13) and $50.00 (14) (subject to adjustment).**

   2. **DOMESTIC SUPPORT OBLIGATIONS (as defined in 11 U.S.C. §101(14A).**

None

   3. **PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

None

   4. **TRUSTEE FEES.** From each payment received from Debtor, the Trustee shall receive a fee, the percentage of which is fixed periodically by the United States Trustee.

   5. **SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments. The Trustee shall disburse adequate protection payments to secured creditors prior to confirmation, as soon as practicable, if the Plan provides for payment to the secured creditor, the secured creditor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor under § 501(c), and no objection to the claim is pending. If Debtor's payments under the Plan are timely paid, payments to secured creditors under the Plan shall be deemed contractually paid on time.

   (a) **Claims Secured by Debtor's Principal Residence Which Debtor Intends to Retain - Mortgage, HOA and Condo Association Payments, and Arrears, if any, Paid Through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage on Debtor's principal residence, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for

2

under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments for Debtor's principal residence on the following mortgage claims. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.

    None

**(b)** **Claims Secured by Other Real Property Which Debtor Intends to Retain - Mortgage Payments, HOA and Condo Association Payments, and Arrears, if any, Paid Through the Plan.** If the Plan provides to cure prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly post-petition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the post-petition mortgage payments on the following mortgage claims. Under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.

    None

**(c)** **Claims Secured by Real Property - Debtor Intends to Seek Mortgage Modification.** If Debtor obtains a modification of the mortgage, the modified payments shall be paid through the Plan. Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment; or (2) for *non-homestead,* income-producing property, 75% of the gross rental income generated from the property. Debtor will not receive a discharge of personal liability on these claims.

    None

**(d)** **Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES (Strip Down).** Under 11 U.S.C. § 1322 (b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. **A separate motion to determine secured status or to value the collateral must be filed.** The secured portion of the claim, estimated below, shall be paid. Unless otherwise stated in Section E, the payment through the Plan does not include payments for escrowed property taxes or insurance.

    None

**(e)** **Liens to be Avoided Under 11 U.S.C. § 522 or Stripped Off Under 11 U.S.C. § 506.** Debtor must file a separate motion under § 522 to avoid a judicial lien or a non-possessory, non-purchase money security interest because it impairs an exemption or

3

under § 506 to determine secured status and to strip a lien.

>None

**(f)     Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY Under the Final Paragraph in 11 U.S.C. § 1325(a).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor; or (2) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the Plan with interest at the rate stated below.

>None

**(g)     Claims Secured by Real or Personal Property to be Paid with Interest Through the Plan under 11 U.S.C. § 1322(b)(2).** The following secured claims will be paid in full under the Plan with interest at the rate stated below.

>None

**(h)     Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearage, if any, with All Payments in Plan.** Debtor will not receive a discharge of personal liability on these claims.

>None

**(i)     Secured Claims Paid Directly by Debtor.** The following secured claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any co-debtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Debtor will not receive a discharge of personal liability on these claims.

>None

**(j)     Surrender of Collateral/Property that Secures a Claim.** Debtor will surrender the following collateral/property. The automatic stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any co-debtor as to these creditors upon the filing of this Plan.

| Last Four Digits of Acct. No. | Creditor | Collateral/Property Description/Address |
|---|---|---|
| 9828 | Home Point Financial | 255 Gilmore Lane Orange Park, FL 32065 |

4

**(k)    Secured Claims That Debtor Does Not Intend to Pay.** Debtor does not intend to make payments to the following secured creditors. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any co-debtor with respect to these creditors upon the filing of this Plan. Debtor's state law contract rights and defenses are neither terminated nor abrogated. Debtor will not receive a discharge of personal liability on these claims.

None

6.    **LEASES / EXECUTORY CONTRACTS.** As and for adequate protection, the Trustee shall disburse payments to creditors under leases or executory contracts prior to confirmation, as soon as practicable, if the Plan provides for payment to creditor/lessor, the creditor/lessor has filed a proof of claim or Debtor or Trustee has filed a proof of claim for the secured creditor/lessor under § 501(c), and no objection to the claim is pending. If Debtor's payments under the Plan are timely paid, payments to creditors/lessors under the Plan shall be deemed contractually paid on time.

**(a)    Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid and Arrearages Cured Through the Plan.** Debtor assumes the following leases/executory contracts and proposes the prompt cure of any prepetition arrearage as follows. If the claim of the lessor/creditor is not paid in full through the Plan, under 11 U.S.C. § 1328(a)(1), Debtor will not receive a discharge of personal liability on these claims.

None

**(b)    Assumption of Leases/Executory Contracts for Real or Personal Property to be Paid Directly by Debtor.** Debtor assumes the following lease/executory contract claims that are paid via automatic debit/draft from Debtor's depository account and are to continue to be paid directly to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any co-debtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. Debtor will not receive a discharge of personal liability on these claims.

| Last Four Digits of Acct. No. | Creditor/Lessor | Property/Collateral |
|---|---|---|
|  | City Ridge Apartments | Debtor's residence |

**(c)    Rejection of Leases/Executory Contracts and Surrender of Real or Personal Leased Property.** Debtor rejects the following leases/executory contracts and will surrender the following leased real or personal property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any co-debtor as to these creditors and lessors upon the filing of this Plan.

None

5

7. **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than **$7,200.00**.

**D.    GENERAL PLAN PROVISIONS:**

1. Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims.

2. Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

3. If Debtor fails to check (a) or (b) below, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise. Property of the estate

    (a) _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise, or

    (b) __X__ shall vest in Debtor upon confirmation of the Plan.

4. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. Unless otherwise ordered by the Court, the Trustee shall only pay creditors with filed and allowed proofs of claim. An allowed proof of claim will control, unless the Court orders otherwise.

5. Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

6. Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide the Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered, consented to by the Trustee, or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall not spend any tax refund without first having obtained the Trustee's consent or Court approval.**

E. **NONSTANDARD PROVISIONS as Defined in Federal Rule of Bankruptcy Procedure 3015(c).** Note: Any nonstandard provisions of this Plan other than those set out in this section are deemed void and are stricken.

1. Unless otherwise provided in Administrative Order FLMB-2015-8 (the "Administrative Order"), if a confirmation order is entered prior to the resolution of any pending objection to claim or motion to value claim, such objection and/or motion shall be reserved for ruling on a subsequent date provided such objection and/or motion is filed timely pursuant to the Administrative Order. Debtor reserves all rights under any objection and/or motion notwithstanding the entry of a confirmation order.

## CERTIFICATION

By filing this document, the Attorney for Debtor, or Debtor, if not represented by an attorney, certifies that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Model Plan adopted by this Court, and that this Plan contains no additional or deleted wording or nonstandard provisions other than any nonstandard provisions included in Section E.

/s/ Marrin Deon Goodson
  Debtor

Dated: 08/27/2019

**LANSING ROY, P.A.**

/s/ Kevin B. Paysinger
**Kevin B. Paysinger, Esquire**
Florida Bar No. 0056742
**William B. McDaniel, Esquire**
Florida Bar No. 084469
Attorney for Debtor(s)
1710 Shadowood Lane, Suite 210
Jacksonville, FL  32207-2184
court@lansingroy.com
Telephone:  (904) 391-0030
Facsimile:  (904) 391-0031

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing, including all attachments and exhibits thereto, was furnished to all creditors and parties in interest as listed on the mailing matrix attached to the original document filed with the Court this 28th day of August 2019.

**LANSING ROY, P.A.**

/s/ Kevin B. Paysinger
**Kevin B. Paysinger, Esquire**
Florida Bar No. 0056742
**William B. McDaniel, Esquire**
Florida Bar No. 084469
Attorney for Debtor(s)
1710 Shadowood Lane, Suite 210
Jacksonville, FL  32207-2184
court@lansingroy.com
Telephone:  (904) 391-0030
Facsimile:  (904) 391-0031

| Goodson | 1st Pmt | Plan | | | | Trustee % | Attorney Fee | Adm Fee | Homepoint Financial |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | Gilmore Lane |
| | Unsecured | | | | DEBT PMT | Tee Fee | $2,000.00 | | surrender |
| TOTALS | $7,200.00 | | | | | | | | |
| | | | | | | | | | |
| September-19 | $3.34 | 1 | | | $ 170.378 | $17.04 | $150.00 | $0.00 | $0.00 |
| October-19 | $3.34 | 2 | | | $ 170.378 | $17.04 | $150.00 | $0.00 | $0.00 |
| November-19 | $3.34 | 3 | | | $ 170.378 | $17.04 | $150.00 | $0.00 | $0.00 |
| December-19 | $3.34 | 4 | | | $ 170.378 | $17.04 | $150.00 | $0.00 | $0.00 |
| January-20 | $3.34 | 5 | | | $ 170.378 | $17.04 | $150.00 | $0.00 | $0.00 |
| February-20 | $3.34 | 6 | | | $ 170.378 | $17.04 | $150.00 | $0.00 | $0.00 |
| March-20 | $3.34 | 7 | | | $ 170.378 | $17.04 | $150.00 | $0.00 | $0.00 |
| April-20 | $3.34 | 8 | | | $ 170.378 | $17.04 | $150.00 | $0.00 | $0.00 |
| May-20 | $3.34 | 9 | | | $ 170.378 | $17.04 | $150.00 | $0.00 | $0.00 |
| June-20 | $3.34 | 10 | | | $ 170.378 | $17.04 | $150.00 | $0.00 | $0.00 |
| July-20 | $3.34 | 11 | | | $ 170.378 | $17.04 | $150.00 | $0.00 | $0.00 |
| August-20 | $3.34 | 12 | | | $ 170.378 | $17.04 | $150.00 | $0.00 | $0.00 |
| September-20 | $3.34 | 13 | | | $ 170.378 | $17.04 | $150.00 | $0.00 | $0.00 |
| October-20 | $103.34 | 14 | | | $ 170.378 | $17.04 | $50.00 | $0.00 | $0.00 |
| November-20 | $153.34 | 15 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| December-20 | $153.34 | 16 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| January-21 | $153.34 | 17 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| February-21 | $153.34 | 18 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| March-21 | $153.34 | 19 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| April-21 | $153.34 | 20 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| May-21 | $153.34 | 21 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| June-21 | $153.34 | 22 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| July-21 | $153.34 | 23 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| August-21 | $153.34 | 24 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| September-21 | $153.34 | 25 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| October-21 | $153.34 | 26 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| November-21 | $153.34 | 27 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| December-21 | $153.34 | 28 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| January-22 | $153.34 | 29 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| February-22 | $153.34 | 30 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| March-22 | $153.34 | 31 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| April-22 | $153.34 | 32 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| May-22 | $153.34 | 33 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| June-22 | $153.34 | 34 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| July-22 | $153.34 | 35 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| August-22 | $153.34 | 36 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| September-22 | $153.34 | 37 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| October-22 | $153.34 | 38 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| November-22 | $153.34 | 39 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| December-22 | $153.34 | 40 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| January-23 | $153.34 | 41 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| February-23 | $153.34 | 42 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| March-23 | $153.34 | 43 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| April-23 | $153.34 | 44 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| May-23 | $153.34 | 45 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| June-23 | $153.34 | 46 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| July-23 | $153.34 | 47 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| August-23 | $153.34 | 48 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| September-23 | $153.34 | 49 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| October-23 | $153.34 | 50 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| November-23 | $153.34 | 51 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| December-23 | $153.34 | 52 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| January-24 | $153.34 | 53 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| February-24 | $153.34 | 54 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| March-24 | $153.34 | 55 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| April-24 | $153.34 | 56 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| May-24 | $153.34 | 57 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| June-24 | $153.34 | 58 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| July-24 | $153.34 | 59 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| August-24 | $153.34 | 60 | | | $ 170.378 | $17.04 | $0.00 | $0.00 | $0.00 |
| | | | | | $ - | | | | |
| TOTAL | $7,200.40 | | | | $ 10,222.667 | $1,022.27 | $2,000.00 | $0.00 | $0.00 |

```
Label Matrix for local noticing          Marrin Deon Goodson                      Home Point Financial Corporation
113A-3                                   7528 Arlington Expressway, Apt 509       c/o D. Anthony Sottile
Case 3:19-bk-03200-JAF                   Jacksonville, FL 32211-7371              394 Wards Corner Rd., Ste. 180
Middle District of Florida                                                        Loveland, OH 45140-8362
Jacksonville
Tue Aug 27 16:33:50 EDT 2019

(p)AMERICOLLECT INC                      AT&T CORP                                CITIBANK/THE HOME DEPOT
PO BOX 2080                              1 AT&T WAY                               CENTRALIZED BANKRUPTCY
MANITOWOC WI 54221-2080                  BEDMINSTER NJ 07921-2694                 PO BOX 790034
                                                                                  Saint Louis MO 63179-0034


CREDIT ONE BANK                          City of Jacksonville                     Duval County Tax Collector
PO BOX 98873                             117 West Duval Street Ste. 480           231 Forsyth St. #130
LAS VEGAS NV 89193-8873                  Jacksonville, FL 32202-5721              Jacksonville FL 32202-3380


FRANKLIN COLLECTION                      Florida Dept. of Revenue                 HOME POINT FINANCIAL CORP
FOR AT&T/BELLSOUTH                       Bankruptcy Unit                          ATTN: CORRESPONDENCE DEPT
PO BOX 3910                              P.O. Box 6668                            11511 LUNA ROAD; SUITE 200
TUPELO MS 38803-3910                     Tallahassee, FL 32314-6668               FARMERS BRANCH TX 75234-6451


Internal Revenue Service                 (p)M&T BANK                              MBB RADIOLOGY
PO Box 7346                              LEGAL DOCUMENT PROCESSING                3599 UNIVERSITY BLVD S BDG 300
Philadelphia, PA  19101-7346             626 COMMERCE DRIVE                       JACKSONVILLE FL 32216-4252
                                         AMHERST NY 14228-2307


MIDLAND FUNDING LLC                      Memorial Hospital Jacksonville           SYNCHRONY BANK/ROOMS TO GO
FOR CREDIT ONE BANK                      Resurgent Capital Services               ATTN BANKRUPTCY DEPT
2365 NORTHSIDE DR STE 300                PO Box 1927                              PO BOX 965061
San Diego CA 92108-2709                  Greenville, SC 29602-1927                ORLANDO FL 32896-5061


US DEPT OF EDUCATION                     United States Attorney                   United States Trustee - JAX 13/7 7+
ECMC/BANKRUPTCY                          300 North Hogan St Suite 700             Office of the United States Trustee
PO BOX 16408                             Jacksonville, FL 32202-4204              George C Young Federal Building
ST PAUL MN 55116-0408                                                             400 West Washington Street, Suite 1100
                                                                                  Orlando, FL 32801-2210


Douglas W Neway +                        Kevin B Paysinger +                      D Anthony Sottile +
Post Office Box 4308                     Lansing Roy, PA                          Sottile & Barile, LLC
Jacksonville, FL 32201-4308              1710 Shadowood Lane, Suite 210           394 Wards Corner Rd
                                         Jacksonville, FL 32207-2184              Suite 180
                                                                                  Loveland, OH 45140-8362


Note: Entries with a '+' at the end of the
name have an email address on file in CMECF
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
AMERICOLLECT                              M & T BANK
FOR MBB RADIOLOGY                         PO BOX 1288
PO BOX 1566                               Buffalo NY 14240-1288
MANITOWOC WI 54221-1566
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Jerry A. Funk                          End of Label Matrix
Jacksonville                              Mailable recipients    24
                                          Bypassed recipients     1
                                          Total                  25
```